UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MICHIGAN
SOUTHERN DISTRICT

---

| | |
|---|---|
| FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN, a Michigan Corporation, a/s/o New Flevo Dairy, Inc.<br><br>Plaintiff,<br><br>v<br><br>CNH INDUSTRIAL AMERICA, LLC D/B/A NEW HOLLAND AGRICULTURE, a Wisconsin Corporation,<br><br>Defendant._____/ | CASE NO.: 17-cv-14044<br><br>HON. BERNARD A. FRIEDMAN |

**PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE OPINIONS OF JERRY DAHL, P.E.**

1

## TABLE OF CONTENTS

| | |
|---|---|
| ISSUE PRESENTED …………………………………………………….. | 3 |
| LIST OF EXHIBITS………. …………………………………………….. | 4 |
| I. BACKGROUND …………………………………………………….. | 5 |
| LEGAL STANDARD ……………………………………………………… | 5 |
| II. ARGUMENT ……………………………………………………… | 5 |

## ISSUE PRESENTED

Whether the cause opinions and design defects of Plaintiff's expert Jerry Dahl, P.E. should be excluded where his causation opinions which in part rely on origin testimony of other experts, should be excluded simply because he is not qualified to render origin opinions.

## LIST OF EXHIBITS

1. Jerry Dahl Report
2. Jerry Dahl Deposition
3. Alfredo Barnal Deposition
4. John Mertens Report

This case arises from a fore on a 2014 New Holland Model T8.390 tractor (the "Tractor") that occurred on September 30, 2015, in Clayton, Michigan. In this subrogation action Plaintiff seeks to recover damages suffered by its insured.

## I. BACKGROUND

On September 30, 2015, Alfredo Bernal was operating the Tractor when he smelled smoke. (Exhibit 3 - Bernal, p. 23). After descending from the cab, he observed smoke and then flames. The fire entirely consumed the Tractor. According to Defendant's cause and origin expert John Mertens, "[t]he area of origin of this fire was found by this engineer to be on the right side of the tractor in an area which includes the fuel tank, air intake, SCR canister, exhaust pipe, and other surfaces between the bottom of the canister up to the underside of the cab." (Exhibit 4 - Mertens Report, p. 12). Mr. Mertens also believes that "heated ignition can occur with a combustible crop debris present for a sufficient period of time while in contact with surfaces that are of sufficient temperature. (Exhibit 4 - Mertens Report, p. 13). He also opined that, "[t]here seems to be no disagreement that the accumulation of crop debris can contribute to ignition, *which is why the equipment should be cleaned as required by the manual*." (emphasis added) (Exhibit 4 - Mertens Report, p. 14).

## LEGAL STANDARD

Plaintiff adopts the legal standard contained in Defendant's brief.

## II. ARGUMENT

**Mr. Dahl's design defect opinion, which is not derivative of his own cause and origin opinion, but rather on the investigation and cause and origin opinions of qualified experts, including Defendant's expert John Mertens is admissible.**

In spite of their best efforts, during his deposition, Mr. Dahl testified that he would not offer cause and origin opinions, but would leave that testimony to others. (Exhibit 2 - Dahl, p.41). He testified that he is offering an opinion as to a reasonable alternative design that CNH

5

should have followed. (Exhibit 2 - Dahl, p. 58).

According to Defendant's expert John Mertens, "There seems to be no disagreement that the accumulation of crop debris can contribute to ignition…" (Exhibit 4 – Mertens, p. 14, ¶ 14) He also opined that, "the initial fuel involved in this fire was crop debris" (Exhibit 4 – Mertens, p 12, ¶ 8) Further, according to Mr. Mertens, "The cause of this fire is burned up crop debris behind the cover of the exhaust and fuel tank assembly." (Exhibit 4 – Mertens, p. 14, ¶ 16 & 17)

Mr. Dahl testified that the accumulation of the crop debris described by Mr. Mertens in the SCR canister are is due to a design defect (Exhibit 2 - Dahl pp. 112, 124, 125-126, 143). He also testified that Defendant should have designed the SCR canister to be more accessible for cleaning by having an alternative design for the attachment of the heat shield on the front side of the SCR canister enclosure. (Exhibit 2 - Dahl, pp. 147-148). He also testified that Defendant should have designed the SCR canister area so that the crop debris would not accumulate (as described by Mr. Mertens) around the canister, but rather would simply fall through to the ground. (Exhibit 2 - Dahl, p. 124). Mr. Dahl testified that the SCR canister could have been located under the hood, where it has since been moved in later model T8 tractors, and that an alternative design was thus available at the time the T8 tractor at issue was manufactured. (Exhibit 2 - Dahl, pp. 144-146).

Defendant's motion to strike Mr. Dahl is based solely on the incorrect premise that he will offer fire cause and origin testimony. Since this statement is false, the basis for the motion collapses, and the motion should be denied.

Attorneys for Plaintiff

Dated: December 20, 2018

John V. Coretti (P47156)
Stephen L. Grimm (P42215)

6

UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MICHIGAN
SOUTHERN DISTRICT

---

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN, a Michigan
Corporation, a/s/o New Flevo Dairy, Inc.

CASE NO.: 17-cv-14044

HON. BERNARD A. FRIEDMAN

Plaintiff,

v

CNH INDUSTRIAL AMERICA, LLC D/B/A NEW
HOLLAND AGRICULTURE, a Wisconsin
Corporation,

Defendant.
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, I electronically filed the foregoing pleadings with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel.

Dated: 12/20/18

Jon V. Coretti (P-47156)