# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| FARM BUREAU MUTUAL INSURANCE, COMPANY OF MICHIGAN, a Michigan Corporation, a/s/o New Flevo Dairy, Inc.<br><br>    Plaintiff,<br><br>v.<br><br>CNH INDUSTRIAL AMERICA LLC d/b/a<br><br>CNH INDUSTRIAL AMERICA LLC D/B/A NEW HOLLAND AGRICULTURE, a Wisconsin Corporation,<br><br>    Defendant.<br>_____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:17-cv-14044 <br> ) Judge Bernard A. Friedman <br> ) Magistrate Judge Elizabeth A. <br> ) Stafford <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF PLAINTIFF'S EXPERT JERRY DAHL

220802038.1

Farm Bureau's Response to Defendant's Motion to Exclude the expert opinions of Jerry Dahl concedes that Mr. Dahl will not offer opinions regarding the origin or cause of the fire. As discussed in Defendant's Motion to Exclude, Mr. Dahl placed the origin of the fire *behind* the SCR canister, while Farm Bureau's other expert, William Wilson, placed the origin of the fire *in front of* the SCR canister. Because Farm Bureau does not intend to advance the theory that the fire originated behind the SCR canister, Mr. Dahl's design defect opinion, which only addresses the accumulation of crop debris *behind* the canister, is irrelevant and should be excluded.

Mr. Dahl's Report stated that the fire originated at the rear of the SCR canister, in the area between the canister and the fuel tank where there is an insulating blanket. (ECF No. 20-2, Dahl Rule 26 Report, p. 2; ECF No. 23-2, Dahl Dep., p. 105). He contended that crop debris accumulated in a two-inch gap in that area, which was not accessible for cleaning. (ECF No. 20-2, Dahl Rule 26 Report, p. 2; ECF No. 23-2, Dahl Dep., p. 113). The accumulated debris, he claimed, impeded the release of radiant heat from the canister through convection or conduction. (ECF 23-2, Dahl Dep., p. 69-72). This, he claimed, allowed the radiant heat to become trapped in the compacted debris and form a combustion pocket that reached temperatures higher than the radiating surface of the canister, which in turn ignited the debris. (ECF 23-2, Dahl Dep., p. 70-71). He claims that

the Tractor's design is defective because it allowed debris to accumulate in the area between the SCR canister and the fuel tank where air flow is impeded, and it is difficult to remove the debris through normal cleaning methods. (ECF No. 20-2, Dahl Rule 26 Report, p. 2).

Farm Bureau, however, now concedes that it will not offer Mr. Dahl's opinions that the fire originated behind the canister where debris ignited because of a combustion pocket of accumulated debris in that area. (ECF No. 23, Farm Bureau's Response, p. 5, 6). Instead, Farm Bureau will offer the origin opinion of Mr. Wilson, who says the fire originated *in front* of the SCR canister where there is a removable shield to allow access to the area for cleaning. (ECF 20-5, Wilson Rule 26 Report, p. 6). Mr. Dahl's design defect opinion is irrelevant if the fire started in front of the SCR canister. The front of the canister is not adjacent to the fuel tank, but instead is covered by a shield that can easily be removed to allow the area to be cleaned. (ECF No. 23-2, Dahl Dep., p. 104-105, 112). The shield also has a gap at the bottom, which Mr. Dahl calls a "mail slot" through which debris can fall out and air can circulate. (ECF No. 23-2, Dahl Dep., p. 112). Between cleanings, the mail slot allows a convective air current to travel through that area up to the opening at the top. (ECF No. 23-2, Dahl Dep., p. 176-177). As a result, Mr. Dahl does not expect convection reduction to elevate the temperature of compacted debris by trapping radiant heat and creating a combustion pocket. (ECF

2

No. 23-2, Dahl Dep., p. 213-214). Therefore Mr. Dahl's design defect theory, which focuses on the accumulation of debris behind the canister, does not "fit" Farm Bureau's origin and cause theory and should be excluded. *Marathon Petroleum Co. LP v. Midwest Marine, Inc.,* 906 F.Supp.2d 673, 684 (E.D. Mich. 2012) ("[E]xpert testimony is not admissible unless it will be helpful to the fact finder. Such testimony is unhelpful when it is unreliable or irrelevant, as the Court observed in *Daubert*....").

Farm Bureau also argues that Mr. Dahl testified the SCR canister shield should have been designed to make the area more accessible. (ECF No. 23, Farm Bureau's Response, p. 6). While Mr. Dahl did say that he believes a design that allowed the shield to be removed without the use of any tools would be preferable, he agreed that the shield as designed is not difficult to remove using only an Allen wrench. (ECF No. 23-2, Dahl Dep., p. 147). He also conceded that the shield was just as easy to remove using an Allen wrench as it would be with wing nuts that did not require a tool. (ECF No. 23-2, Dahl Dep., p. 147-149).

The mere fact that the shield could have been designed to be removed without tools is not enough to prove that the shield was defective as designed. Under Michigan law, there must be proof that an alternative design would have reduced the foreseeable risk of harm posed by the product, and that the omission of the alternative design rendered the product not reasonably safe. *Paul v. Henri-Line*

3

*Mach. Tools, Inc.*, 938 F.Supp.2d 691, 697 (E.D. Mich. 2013).  There is no such evidence here.  Mr. Dahl testified that he would defer to the operator of the Tractor regarding whether the shield was difficult to remove for cleaning.  (ECF No. 23-2, Dahl Dep., p. 149).   The Tractor's operator, Alfredo Bernal, testified that the shield is easily removed with a wrench and the whole process of removing the shield and cleaning the area with an air compressor takes 5 to 10 minutes.  (ECF No. 23-3, Bernal Dep., p. 19, 34).  Therefore, the existence of a shield design that does not require tools for removal does not mean that the shield on the Tractor at issue was defectively designed.

Because Farm Bureau does not intend to offer Mr. Dahl's origin and causation opinions, his design defect opinion is irrelevant and will not assist the jury in determining any fact in issue.  Therefore, Mr. Dahl's design opinions should be excluded.

        Respectfully Submitted,

        */s/ Bethany G. Stawasz*
        David W. Centner (P43071)
        Bethany G. Stawasz (P75578)
        CLARK HILL, PLC
        200 Ottawa Avenue NW, Suite 500
        Grand Rapids, MI  49503
        Phone: (616) 608-1100
        dcentner@clarkhill.com
        bstawasz@clarkhill.com

*Counsel for Defendant,*
*CNH Industrial America LLC*

and

Jessica Williams Schnelker (pro hac vice)
FROST BROWN TODD LLC
201 N. Illinois Street,
Suite 1900
Indianapolis, IN  46204
Phone: (317) 237-3800
jschnelker@fbtlaw.com
*Counsel for Defendant,*
*CNH Industrial America LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, I caused electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all properly registered counsel.

　　　　　　　　　　　　　　　　　　 */s/ Bethany G. Stawasz*

5

220802038.1